PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.*
EASTERN SUGAR ASSOCIATES, ETC., Respondent.

No. 14.   Argued February 15, 1949.—Decided March 31, 1949.

*Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández,* former *Attorney General,* on the petition), *A. Torres Braschi, Assistant Attorney General, Yamil Galib Frangie* and *Ramón Olivo Nieves,* counsel for the Board, for petitioner. *E. T. Fiddler, José G. González, Tomás I. Nido, Jorge M. Morales, Mariano Canales, Ramón L. Nevares,* and *Andrés Guillemard,* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Pursuant to the provisions of § 9 (2) (c) of Act No. 130 of May 8, 1945 (Sess. Laws, p. 406), as amended by Act No. 6 of March 7, 1946 (Sess. Laws, pp. 18, 44), the Puerto Rico Labor Relations Board, on behalf of Sindicato de Trabajadores de la Industria Azucarera de Puerto Rico, affiliated to the C.G.T., filed a petition in which it requested

this Court to order the Eastern Sugar Associates to immediately reinstate the workman Emilio Ojeda Morales in his employment and, in addition, to pay him the salaries he failed to receive from the date of his discharge until that of his reinstatement, thus complying with the arbitration award rendered pursuant to the collective bargaining contract entered into by the parties and the provisions of the Puerto Rico Labor Relations Act.

After an order of summons was issued requiring the parties to appear within the period of ten days and show cause why the said arbitration award should not be enforced, the respondent answered and alleged that the award involved in the proceeding was void, since from the face thereof it appears that the same arose in consequence of the exclusive action of the fifth member of the Arbitration Committee; because said fifth member failed to make any decision in connection with the evidence introduced before him and because the award is in open conflict with the evidence introduced and with the facts admitted as proved by the fifth member of the committee himself; and that the petition of the Board requesting that the arbitration award be complied with in this case constitute a clear abuse of discretion inasmuch as it is not alleged that it made efforts to aid in enforcing the award.

■■ The evidence introduced before the committee and before the fifth member has been sent up by the respondent. It is shown therefrom that when Manuel López, an employee of the defendant, on a certain morning informed the workman Emilio Ojeda Morales that there was no work on that day, the latter stated in loud voice: "Well, as the company does not give me anything, everybody may go to (here an obscene word) ;" that consequently, the workman was discharged from his work, for which reason the local union filed a petition before the Grievance and Adjustment Committee and as the latter failed to reach an agreement, Jacobo Algarín, Justice of the Peace of Juncos, was appointed as fifth

member. The record also shows that in the decision of the fifth member it is set forth that since the testimony of the witnesses was conflicting, he reached the conclusion that there was no ground for the suspension of the workman and that the proper thing to do was to reinstate him in his work, but with a reprimand that in the future he should not make any statements whatsoever, even though such statements do not refer to his employer or any other person. Likewise it is shown that the decision of the fifth member was ratified by two other members of the committee, but in connection with the reprimand the committee agreed that the workman be reproved "calling his attention to the fact that in the future he should not commit any rash act because he would be definitely discharged." This award was entered by a majority of the five members which constituted the Arbitration Committee.

An award may be impeached or set aside if there is any defect in the submission or when it is shown that there has been lack of jurisdiction, fraud, bad faith, corruption, or misconduct on the part of the Arbitration Committee, a violation of the public policy, or when the arbitration award does not decide all the issues submitted. The evidence shows that none of that occurred in this case. The fact that the fifth member of the committee or the committee itself recommended a reprimand to the workman does not carry with it the setting aside of the arbitration award. This, in our judgment, means that the committee considered that the workman had acted improperly but that his misconduct was not sufficient to discharge him from his work. *Labor Relations Board* v. *N. Y. & P. R. S. S. Co., ante*, p. 730.

The petition of the Board clearly alleges that the respondent refused to reinstate the workman Emilio Ojeda Morales in his employment, despite the fact of having been required to do so by the Sindicato and in spite of the effort made to that effect by the Board itself. However, we shall state, that although § 9 (2) (*c*) of the Act does not expressly provide that

the Board should previously require the employer to comply with· an arbitration award before it may resort to us, the better practice in cases involving arbitration awards should always be that the Board require the party bound to comply with it to do so, and resort to this Court solely on the refusal to comply with the award.

Judgment will be rendered granting the petition and ordering the respondent to immediately reinstate Emilio Ojeda Morales in the work which he formerly performed in the Central Juncos.

Mr. Justice Negrón Fernández did not participate herein.

MR. JUSTICE TODD, JR., concurring.

I concur in the opinion of the Court in this case because the evidence introduced showed that there was no just cause for discharging the employee inasmuch as the obscene words uttered by him were not addressed to any particular person nor to his employer. I do not believe that the recommendation of a reprimand, as made by the Committee, plays an important role in the case. Accordingly, it does not fall within the scope of the penalty imposed by the Arbitration Committee in case No. 11 *Labor Relations Board* v. *N. Y. & P. R. S. S. Co.*, *ante*, p. 730 in which I dissented.